UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MICHAEL HOWARD PALMER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-345 |
| | ) | Judge Mattice |
| TOWN OF JONESBOROUGH, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael Howard Palmer brings this action against Defendants Craig Ford, Matt Rice, Matt Hawkins, Sarah Elizabeth Palmer, Thomas Bain, and the Town of Jonesborough, Tennessee for violation of his civil rights pursuant to 42 U.S.C. § 1983 and various Tennessee state law causes of action. Before the Court is Defendants Craig Ford, Matt Rice, Matt Hawkins and the Town of Jonesborough's Alternative Motion to Dismiss and/or for Summary Judgment [Court Doc. 25].

For reasons set forth below, Defendants' Motion is **GRANTED**.

## I.    STANDARD

Although Defendants filed the instant motion in the alternative as one to dismiss or for summary judgment, because Defendants filed a number of affidavits in support of their motion, the Court will treat it as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b); *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.    EVIDENTIARY ISSUES

Once a defendant moves for summary judgment, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322.

In response to Defendant's summary judgment motion, Plaintiff has filed a *pro se* legal brief that is styled as an "Answer", three exhibits, and a witness list. The Court observes that neither Plaintiff's Amended Complaint nor his "Answer" are verified. (Court Docs. 24 & 27.) These documents cannot, therefore, serve as an affidavit in opposition to a summary judgment motion. Fed. R. Civ. Proc. 56(e). Even though Plaintiff is proceeding *pro se*, he is not entitled to special treatment with regard to the evidentiary rules. The United States Court of Appeals for the Sixth Circuit has held: "When a person . . . chooses to represent himself, he should expect no treatment which prefers him over others who are represented by attorneys." *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). Accordingly, the Court cannot rely on any of Plaintiff's statements in his Amended Complaint or his "Answer" when ruling on the instant motion.

Plaintiff attached the following exhibits to his "Answer" in opposition to the instant motion: (1) an Incident and Investigation Report prepared by the Leawood Kansas Police Department; (2) an affidavit from Danny Bailey; and (3) a copy of the title from the State of Tennessee for a 2001 Hyundai Accent. (Court Docs. 27-2, 27-3 and 27-4.) As the Court cannot consider inadmissible evidence when ruling on a summary judgment motion,

*see Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003), the Court must evaluate the admissibility of Plaintiff's evidence.

A police report is admissible under the public records exception to the hearsay rules to the extent that it is based on an officer's own observations or actions. *Miller v. Field*, 35 F.3d 1088, 1092 (6th Cir. 1994). Third-party statements contained in a police report, however, are hearsay and not admissible merely because they are contained in a police report. *Id.* at 1091. Accordingly, the Court will consider the portions of the Leawood Police Department's Incident and Investigation Report that consist of first-hand observations or knowledge of the preparing officer, but will not consider any third-party statements noted therein.

The Court will also consider Danny Bailey's affidavit in ruling on the instant motion. Although not witnessed by a notary, it was witnessed by two individuals and also declares that Mr. Bailey understood that he was making the statement under penalty of perjury. *See Pollock v. Pollock*, 154 F.3d 601, 612 n.20 (6th Cir. 1998) (unsworn declaration can substitute for affidavit if it contains a statement indicating that it was made under penalty of perjury). The Court will also consider the title to the Hyundai Accent provided by Plaintiff as such documents are generally considered self-authenticating. Fed. R. Evid. 902.

## III. FACTS

The facts, construed in the light most favorable to Plaintiff, are as follows.

Plaintiff Michael Howard Palmer is a resident of Johnson City, Tennessee. (Court Doc. 24, Amended Complaint, ¶ 4.) Defendant Craig Ford is the Director of Public Safety for the Town of Jonesborough. (Court Doc. 26-1, Affidavit of Craig Ford, ¶ 2.) Defendants

Matt Rice and Matt Hawkins are officers at the Jonesborough Office of Public Safety. (Court Doc. 26-2, Affidavit of Matt Hawkins, ¶ 2; Court Doc. 26-3, Affidavit of Matt Rice, ¶ 2.)

On November 14, 2008, Defendant Sarah Elizabeth Palmer reported her 2001 Hyundai Accent ("the Vehicle") stolen to the Leawood Police Department. (Court Doc. 27-2 at 3.) Defendant Sarah Elizabeth Palmer, who had filed for divorce from the Plaintiff, informed the Leawood Police Department that she believed that the Plaintiff had taken the Vehicle. (Court Doc. 27-2 at 4.) The Vehicle was entered into the National Crime Information Center (NCIC) by the Leawood Police Department. (*Id*. at 4, 20.)

On November 17, 2008, Matt Rice spoke with Detective Jason Ahring of the Leawood Police Department. (Rice Aff. ¶ 4.) Ahring informed Plaintiff that the Vehicle might be located at Danny Bailey's residence in Jonesborough. (*Id*.) Around 5:00 p.m., Sergeant Hawkins located the Vehicle near Danny Bailey's residence. (*Id*. ¶ 5.) Rice and Hawkins went to Bailey's house and encountered Plaintiff in the attic. (*Id*. ¶ 6.) They placed Plaintiff under arrest for possession of a stolen vehicle and transported him to the Jonesborough Department of Public Safety. (*Id*. ¶ 7.) Plaintiff was not formally questioned by Hawkins and Rice and was not harshly interrogated. (*Id*.; Hawkins Aff. ¶ 4.)

The Vehicle was towed to the Town of Jonesborough's impound lot. (Court Doc. 27-2 at 13.) Following Plaintiff's arrest, Rice spoke with a representative from the Leawood Police Department who indicated that the Vehicle should be released to Sarah Palmer. (Rice Aff. ¶ 8.) A statement signed by Sarah Palmer was faxed to Rice stating that certain items in the Vehicle belonged to her. (Rice Aff. ¶ 8, ex. A.) The Vehicle and the contents

listed in this statement were given to Defendant Thomas Bain, Sarah Palmer's father, by

Rice. (Rice Aff. ¶ 9.) After being released from jail, Plaintiff went to the Jonesborough

Department of Public Safety to reclaim the Vehicle and was told that it had been given to

Bain. (*Id*. ¶ 10.)

## IV.    ANALYSIS

Plaintiff sets for the following causes of action in his Complaint: (1) violation of his

rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983

against Defendants Ford, Rice, Hawkins, and the Town of Jonesborough; (2) attorney's

fees for the § 1983 violations pursuant to 42 U.S.C. § 1988; (3) malicious prosecution,

false imprisonment, and slander pursuant to Tennessee state law against Defendant Sarah

Palmer; and (4) malicious prosecution and slander pursuant to Tennessee state law

against Defendant Thomas Bain.

Each of these claims will be addressed in turn below.

### A.    Section 1983 Claims Against Defendants Ford, Rice, and Hawkins

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2000). "Section 1983 makes liable only those who, while acting under

color of state law, deprive another of a right secured by the Constitution or federal law."

*Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000). Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

Plaintiff claims that Defendant Ford, Rice, and Hawkins ("the Officers") violated his rights under the Fourth, Fifth, and Fourteenth Amendments. Defendants contend that these claims should be dismissed because they are entitled to qualified immunity. (Court Doc. 26 at 3.) The doctrine of qualified immunity shields " 'government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The United States Supreme Court has articulated a two-part test for determining whether a law enforcement officer is entitled to qualified immunity. *See Brosseau v. Haugen*, 543 U.S. 194, 125 S. Ct. 596, 598 (2004); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Under this test, district courts must:

> consider whether "the facts alleged show the officer's conduct violated a constitutional right." If the plaintiff can establish that a constitutional violation occurred, a court should ask "whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition."

*Lyons v. City of Xenia*, 417 F.3d 565, 571 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at

201).[1]

Although the parties have not engaged in any discovery, the Court must rule on Defendants' assertion of qualified immunity before the case can proceed. The United States Supreme Court has held that, when a party raises the defense of qualified immunity, "a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991). "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982).[2]

Once a defendant claims the affirmative defense of qualified immunity, the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to the defense of qualified immunity. *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005). When a defendant moves for summary judgment and asserts the defense of qualified immunity, the plaintiff must "1) identify a clearly established right alleged to have been violated; and 2) establish that a reasonable officer in the defendant's position should have known that the conduct at issue was undertaken in violation of that right." *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995).

The key inquiry in determining whether a right was clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he

---

[1]     While the United States Supreme Court recently held that it is no longer mandatory for a district court to analyze the two prongs of the *Saucier* qualified immunity test sequentially, the Court also noted that it is often helpful to do so. *Pearson v. Callahan*, 129 S. Ct. 808, 819 (2009).

[2]     The Court also notes that Plaintiff has not asked the Court to delay ruling on Defendants' summary judgment motion to allow him time to conduct discovery. *See* Fed. R. Civ. Proc. 56(f).

-8-

confronted." *Saucier*, 533 U.S. at 202; *see also Ewolski*, 287 F.3d at 501 ("For a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " (quoting *Russo v. City of Cincinnati*, 953 F.2d 1036 (6th Cir. 1992))). Although the conduct in question need not have been previously held unlawful, the unlawfulness must be apparent in light of pre-existing law. *Id.* Officials are entitled to qualified immunity " 'when their decision was *reasonable*, even if mistaken.' " *Pray*, 49 F.3d at 1158 (quoting *Castro v. United States*, 34 F.3d 106, 112 (2d Cir. 1994)). Further, " 'if officers of reasonable competence could disagree on this issue, immunity should be recognized.' " *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 349 (1986)).

### 1. *Fourth Amendment violations arising out of Plaintiff's arrest*

Plaintiff alleges that Defendants Ford, Hawkins, and Rice committed "false imprisonment" by arresting him for possession of stolen property because he had a lawful ownership interest in the Vehicle. (Am. Compl. ¶¶ 6-7.) The Court will construe this claim as an allegation of false arrest in violation of the Fourth Amendment.

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searched and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

In a § 1983 false arrest claim, the key inquiry is whether the arrest was based on probable cause. *See Anderson v. Creighton*, 483 U.S. 635, 663-64 (1987); *Pierson v. Ray*,

386 U.S. 547, 556 (1967); *Stemler*, 126 F.3d at 871. The United States Supreme Court has described "probable cause" as follows:

> Probable cause exists where "the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.

*Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)); *see also Lyons*, 417 F.3d at 573. "The establishment of probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Moncivais*, 401 F.3d 751, 756 (6th Cir. 2005). The existence of probable cause in a § 1983 action ordinarily presents a jury question, "unless there is only one reasonable determination possible." *Gardenhire*, 205 F.3d at 315.

It is axiomatic that a claim against an officer for false arrest must demonstrate, *inter alia*, that that officer took part in the arrest. *See*, *e.g.*, *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (upholding a determination that if a defendant is not an arresting officer, then a § 1983 false arrest claim does not lie against him). It is undisputed that Defendant Ford did not participate in the arrest of Plaintiff. (Ford Aff. ¶¶ 3-4.) Accordingly, any claim for false arrest in violation of the Fourth Amendment against Defendant Ford is **DISMISSSED WITH PREJUDICE**.

Plaintiff was arrested by Officers Hawkins and Rice on November 17, 2008 for possession of stolen property and evading arrest. (Hawkins Aff. ¶ 3; Rice Aff. ¶ 3.) If the Officers had probable cause to arrest Plaintiff for either of these crimes, they are entitled

-10-

to qualified immunity as to Plaintiff's false arrest claim.

The United States Court of Appeals for the Sixth Circuit has held: "An NCIC identification of a vehicle is sufficient to establish probable cause for the arrest of one possessing it." *United States v. Davis*, 568 F.2d 514, 516 (6th Cir. 1978). It is undisputed that the Vehicle had been entered into NCIC prior to Plaintiff's arrest. (Rice Aff. ¶ 4; Court Doc. 27-2 at 20.) It is also undisputed that Plaintiff was in possession of the Vehicle at the time of his arrest. Accordingly, Officers Hawkins and Rice had probable cause to arrest Plaintiff for possession of stolen property.

Plaintiff argues that Defendants did not have probable cause to arrest him because they knew he was married and that the Vehicle was possibly marital property at the time of his arrest. (Court Doc. 27 at 2.) Plaintiff relies on the Incident and Investigation Report ("the Report") prepared by the Leawood Police Department in support of this argument. (Court Doc. 27-2.)

The Report states that, on November 17, 2008, the Leawood Police Department contacted the Jonesborough Department of Public Safety and provided Rice with "case information and address locations in his jurisdiction where the vehicle maybe [sic] located." (*Id*. at 11.) There is no mention of a discussion about the status of Plaintiff's marriage or the Vehicle possibly being marital property between the Leawood Police Department and anyone at the Jonesborough Department of Public Safety.

In making his argument, Plaintiff attempts to impute the knowledge of the Leawood Police Department – as evidenced by the Incident and Investigation Report – to officers at the Jonesborough Department of Public Safety. Plaintiff has produced no admissible evidence, however, showing that Defendants Rice and Hawkins had seen the Leawood

-11-

Police Department's Incident and Investigation Report at the time of his arrest. Nothing in the NCIC report states that there may have been an ownership issue with regard to martial property or that there was any reason not to arrest the person possessing the stolen vehicle. (Court Doc. 27-2 at 26.) The reasonableness of an officer's actions must be judged based on the knowledge that he had at the time of the arrest, and not with 20/20 hindsight. *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001). At the time of the arrest, Rice and Hawkins knew that Plaintiff had possession of a vehicle reported to the NCIC as stolen and, therefore, had probable cause to arrest Plaintiff.

Plaintiff also argues that Defendants did not have probable cause to arrest Plaintiff because, at the time of his arrest, he produced the title to the Vehicle that showed Sarah Palmer had signed over ownership to him. (Court Doc. 27-4 at 2.) Defendants do not dispute that Plaintiff did, in fact, produce a title with Mrs. Palmer's signature. Defendants simply argues that, regardless of this title, they had probable cause to arrest Plaintiff. Rice has stated that he believed that the signature on the title was possibly forged. (Court Doc. 27-2 at 12.) The Court notes that a forged title would convey no property interest to the Plaintiff. *See Butler v. Buick Motor Co.*, 813 S.W.2d 454, 458 (Tenn. Ct. App. 1991) (a thief has no property interest in the stolen goods).

Because Defendants have asserted qualified immunity, Plaintiff bears the burden of establishing that a reasonable officer establish in the Defendants' position "should have known that the conduct at issue was undertaken in violation of [the constitutional] right." *Pray*, 49 F.3d at 1158. Plaintiff has failed to meet that burden. Because it is undisputed that the Vehicle was reported as stolen to NCIC, and the Sixth Circuit has held that a vehicle's presence on NCIC is probable cause to arrest the possessor of the property,

Officers Rice and Hawkins are entitled to qualified immunity on Plaintiff's false arrest claims.

Accordingly, Plaintiff's § 1983 claims for false arrest in violation of the Fourth Amendment against Defendants Rice and Hawkins are **DISMISSED WITH PREJUDICE**.

2.  *Fifth Amendment violations arising out of Plaintiff's interrogation*

Plaintiff alleges that his Fifth Amendment right against self-incrimination was violated when: (1) Defendants failed to advise him of his Miranda rights upon arrest; (2) Defendants used coercive interrogation tactics; and (3) Defendants continued to question him after he invoked his right to silence and informed them that he was represented by counsel.  (Am. Compl. ¶¶ 9-10.)

Initially, it is undisputed that Defendant Ford did not participate in any questioning of Plaintiff.  (Ford Aff. ¶ 4.)  Accordingly, Plaintiff's claims against Defendant Ford for violation of his Fifth Amendment rights are **DISMISSED WITH PREJUDICE**.

The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, *Malloy v. Hogan*, 378 U.S. 1 (1964), requires that "no person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  Plaintiff has failed to put forth any admissible evidence detailing the specifics of his interrogation.  The only evidence in the record shows that Defendants did not "formally" question Plaintiff following his arrest.  (Rice Aff. ¶ 7; Hawkins Aff. ¶ 4.)  Assuming that some informal interrogation did take place, it is clear that there was no constitutional violation here.

The United States Supreme Court has held that coercive police interrogation,

-13-

including interrogation that occurs before a defendant is given a Miranda warning, does not establish a Fifth Amendment violation for purposes of § 1983. *Chavez v. Martinez*, 538 U.S. 760, 767 (2003). A violation of the Fifth Amendment's Self-Incrimination Clause does not occur until the statements made during the allegedly coercive interrogation are used against the defendant during a criminal case. *Id*. Because it is undisputed that the Officers have not attempted to use any statement made by Plaintiff during his informal interrogation against him during a criminal case, Plaintiff has failed to show that Defendants Rice and Hawkins violated his Fifth Amendment self-incrimination rights.

Plaintiff also alleges that Defendants Hawkins and Rice used improper interrogation tactics against him. (Court Doc. 27 at 11.) Use of excessive force during an interrogation may be a violation of the Fourteenth Amendment's Due Process Clause, but does not violate the Fifth Amendment's Self-Incrimination Clause. *Chavez*, 538 U.S. at 773.

Because Plaintiff has failed to show that any statements made during his interrogation by Defendants Rice and Hawkins were used against him during a criminal case, he has failed to establish a violation of his Fifth Amendment Self-Incrimination rights. Accordingly, Plaintiff's § 1983 Fifth Amendment claims against Defendants Rice and Hawkins are **DISMISSED WITH PREJUDICE**.

3.    *Fourteenth Amendment violations arising out of Plaintiff's interrogation*

Plaintiff alleges that Defendants used coercive police interrogation tactics against him in violation of the Fourteenth Amendment. (Court Doc. 27 at 11.) The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law." The Supreme Court has recognized that unauthorized police conduct

-14-

that is "most egregious" might be such that it "shocks the conscience" and could give rise to a § 1983 action. *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998). To meet this standard, the police conduct must be "intended to injure in some way unjustifiable by any government interest." *Id*. at 849.

Plaintiff has failed to produce any admissible evidence outlining what constituted the alleged unconstitutional interrogation tactics. Both Rice and Hawkins deny that Plaintiff was "harshly interrogated." (Rice Aff. ¶ 7; Hawkins Aff. 4.)

The Court notes that questioning a suspect without having given *Miranda* warnings does not violate the Fourteenth Amendment. *Chavez*, 538 U.S. at 775. Misrepresentation and lying by police officers during an interrogation is not a constitutional violation unless it is shown that such behavior overcame the will of the accused. *Moran v. Burbine*, 475 U.S. 412, 423 (1986); *see also United States v. Johnson*, 351 F.3d 254, 261 (6th Cir. 2003).

Plaintiff has failed to put forth sufficient evidence showing a genuine dispute of material fact as to whether his will was overborne by coercive interrogation tactics. Accordingly, Plaintiff's § 1983 Fourteenth Amendment claims against Defendants Hawkins and Rice are **DISMISSED WITH PREJUDICE**.

4.    *Fifth and Fourteenth Amendment property deprivation issues*

Plaintiff alleges that the Defendants violated his right to due process in the Fifth and Fourteenth Amendments by turning over his personal property to his wife and her father. (Am. Compl. ¶ 11.)

Initially, the Court notes that the Due Process Clause of the Fifth Amendment

-15-

restricts only the actions of the federal government, while the Fourteenth Amendment's Due Process Clause restricts the actions of the states and their instrumentalities. *Pub. Utils. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461 (1952); *Bybee v. City of Paducah*, 46 F. App'x 735, 737 (6th Cir. 2002); *Scott v. Clay County*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Because Defendants are not associated with a federal entity, Plaintiff's Fifth Amendment Due Process claims are **DISMISSED WITH PREJUDICE**.

Nevertheless, because the Due Process Clauses of the Fifth and Fourteenth Amendments are analogous, the Court will consider Plaintiff's arguments with respect to his Fifth Amendment claims when analyzing his Fourteenth Amendment claim. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

It is undisputed that Defendants Hawkins and Ford were not involved with either the act of turning over Plaintiff's property to Mrs. Palmer or her father or the decision to do so. (Ford Aff. ¶ 5; Hawkins Aff. § 5.) Accordingly, Plaintiff's § 1983 claims against Defendants Hawkins and Ford arising out of the Due Process Clause are **DISMISSED WITH PREJUDICE**. Having dismissed all of Plaintiff's claim against Defendants Hawkins and Ford in their individual capacities, Defendants Hawkins and Ford are **DISMISSED AS PARTIES** to this lawsuit.

Plaintiff alleges that he was deprived of his Due Process rights when Rice seized the Vehicle from him at the time of the arrest and released it and all of its contents to

Plaintiff's wife and/or her father. (Court Doc. 27 at 14.) Plaintiff claims that Rice unconstitutionally undertook the role of the divorce court in "awarding" his property to his wife. (*Id.* at 11-12.)

The Sixth Circuit has held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Nothing Plaintiff has filed in this action mentions any inadequacy in the state system for redressing the harm he alleges. Plaintiff's failure to plead and prove an inadequacy in the state system, in and of itself, calls for dismissal of his procedural Due Process claim. *Id.*

Even assuming Plaintiff had pled and proven an inadequacy in the state system, Plaintiff has failed to establish a constitutional violation of his Due Process rights. Assuming that Plaintiff had a cognizable property interest in the Vehicle,[3] the Due Process Clause mandates that "some kind of hearing is required at some time before a person is *finally deprived*" of their property interests. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (emphasis added). Plaintiff has not shown that Rice permanently deprived him of his property interest in the Vehicle. While Rice may have given *possession* of the Vehicle to Plaintiff's wife through her father, the act of turning the Vehicle over to Plaintiff's father-in-law did not remove any legal claim that Plaintiff might have to the Vehicle. *See, e.g.*, *Wigginton v. Wigginton*, 1997 WL 796211, *1 (Tenn. Ct. App. Dec. 31, 1997) (wife was

---

[3] The Court notes that a thief has no property interest in the stolen goods. *Butler v. Buick Motor Co.*, 813 S.W.2d 454, 458 (Tenn. Ct. App. 1991). Also, a person that obtains property by fraud acquires voidable title to the property that can be voided by the legal owner. *In re Mark Benskin & Co., Inc.*, 59 F.3d 170 (6th Cir. 1995).

-17-

awarded temporary possession of the marital residence pending resolution of the divorce).

"The fundamental requirement of due process is the opportunity to be heard and it is an 'opportunity which must be granted at a meaningful time and in a meaningful manner.'" *Parratt v. Taylor*, 451 U.S. 527, 540 (1981) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The meaningful time for Plaintiff to be heard with regard to his interest in the Vehicle is during his divorce proceedings. The state court, in handling the couple's divorce, will decide what property owned by the Palmers – including the Vehicle – constitutes marital property and will divide such property equitably. *See Norman v. Norman*, 2005 WL 2860274, *2 (Tenn. Ct. App. Oct. 31, 2005) (noting that, while the final divorce decree awarded the vehicle to the husband, he was required to pay the wife for her interest in the vehicle as it was marital property).

Although Plaintiff was deprived of *possession* of the Vehicle when it was seized and turned over to his father-in-law, he was not permanently deprived of his legal interest in the vehicle. So long as Plaintiff is afforded an opportunity to be heard during his divorce proceedings, the taking of the Vehicle by Rice is not sufficient to sustain a § 1983 action for violation of Due Process. *See Parratt*, 451 U.S. at 540 (a hearing is not required prior to the taking of property so long as prior to the final disposition of the property rights, a party is afforded an opportunity to be heard).

Accordingly, Plaintiff's § 1983 claims against Defendant Rice for violation of his Due Process rights are **DISMISSED WITH PREJUDICE**. Having dismissed all of the claims against Defendant Rice in his individual capacity, Defendant Rice is **DISMISSED AS A PARTY** to this lawsuit.

**B.      Section 1983 Claims against the Town of Jonesborough**

Plaintiff claims that the Town of Jonesborough had unconstitutional polices and procedures and that the Town failed to train, supervise, and control its officers. (Am. Compl. ¶¶12-15.)     To succeed on a § 1983 claim against a municipality, a plaintiff must show: (1) the deprivation of a constitutional right, and (2) that the municipality is responsible for that violation. *Doe v. Claiborne County*, 103 F.3d 495, 505-06 (6th Cir. 1996). Where a plaintiff fails to show that he has been deprived of a constitutional right, there can be no municipal liability. *Abdul-Khaliq v. City of Newark*, 275 F. App'x 517, 522 (6th Cir. 2008) (holding that a plaintiff's "failure to demonstrate a constitutional violation dooms his claim at step one.").

As discussed above, Plaintiff's arrest did not violate the Fourth Amendment because there was probable cause to arrest Plaintiff based on his possession of a vehicle listed as stolen on the NCIC. Any interrogation of Plaintiff did not violate the Fifth Amendment because no statement elicited during that interrogation has been used against him in a criminal case. Moreover, Plaintiff has failed to show that the interrogation was so coercive that it violated the Fourteenth Amendment. Finally, Plaintiff's Due Process rights were not violated when the Vehicle was turned over to Plaintiff's father-in-law because Plaintiff has failed to show that he was permanently deprived of his property interest without an opportunity to be heard at a meaningful time.

 Because Plaintiff has not shown that he was deprived of a constitutional right, his claim against the Town of Jonesborough must fail. Accordingly, Plaintiff's § 1983 claims against the Town of Jonesborough are **DISMISSED WITH PREJUDICE**.

C.    **Section 1988 Damages**

Section 1988 permits the recovery of attorney's and expert fees by the prevailing party only in conjunction with certain actions.  42 U.S.C. § 1988.  Because the Court has already dismissed Plaintiff's § 1983 claims, Plaintiff is not entitled to recover attorney's and expert fees under §1988.  Moreover, a *pro se* litigant is not entitled to attorney's fees under § 1988.  *Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982).  Accordingly, Plaintiff's claim under § 1988 is **DISMISSED WITH PREJUDICE.**

D.    **State Law Claims**

By statue, federal courts have subject matter jurisdiction over only two types of cases: (1) those that "arise under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and (2) those that involve parties that are "diverse" (i.e. citizens of different states) and the amount in controversy is greater than $75,000.  28 U.S.C. § 1332. In this case, the parties are not completely diverse and, therefore, the Court has original jurisdiction over only Plaintiff's claims that arise under federal law.

The Court has dismissed all of Plaintiff's federal claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.  Thus, the only claims remaining are those brought under state law.  In the absence of original jurisdiction, the Court has supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367.

Section 1367 provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c).  Pursuant to § 1367, it is "within the district court's discretion to decline to exercise jurisdiction over

Plaintiffs' state-law claims once it dismisse[s] the federal claims." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 853 (6th Cir. 2007). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Robert N. Clemens Trust*, 485 F.3d at 853.

Plaintiff has cited nothing in his brief, and the Court is aware of nothing, which indicates that this case is anything other than the "usual case" in which the relevant factors weigh in favor of declining to exercise supplemental jurisdiction. Accordingly, the Court shall decline to exercise supplemental jurisdiction over Plaintiff's state law claims against all Defendants. Plaintiff's state law claims shall be **DISMISSED WITHOUT PREJUDICE**.

## V. CONCLUSION

For the reasons stated above, the Court **ORDERS** the following:

1. Defendants Town of Jonesborough, Craig Ford, Matt Rice, and Matt Hawkins's Alternative Motion to Dismiss and/or for Summary Judgment [Court Doc. 25] is **GRANTED**;

2. Plaintiff's claims pursuant to 42 U.S.C. § 1983 and § 1988 against Defendants Town of Jonesborough, Craig Ford, Matt Rice, and Matt Hawkins are **DISMISSED WITH PREJUDICE**;

3. Plaintiff's claims pursuant to Tennessee state law against all Defendants are **DISMISSED WITHOUT PREJUDICE**.

-21-

4.    The Clerk shall **CLOSE** this case.

SO ORDERED this 1ST day of May, 2009.


                                             _____ /s/Harry S. Mattice, Jr._____
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE